UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

ARCADIA MANUFACTURING GROUP, INC.

Debtor.

Chapter 11
Case No. 11-13322

**APPLICATION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §361 and §363 AND BANKRUPTCY RULE 4001(b)(2) PENDING PRELIMINARY HEARING**

Debtor and Debtor-in-Possession, ARCADIA MANUFACTURING GROUP, INC., ("Debtor") states as follows:

1. This case was commenced by the filing of a Chapter 11 petition on October 25, 2011 (the "Petition Date").

2. The Debtor is a contract manufacturer providing a full range of in-house manufacturing services, including waterjet and laser cutting, fabrication and assembly, welding, machining and design engineering. The Debtor has approximately 60 full time employees and operates out of two facilities located in Green Island and Albany, New York, in premises leased by the Debtor.

### THE RBS CITIZENS, N.A. LOANS

3. As of the Petition Date, the Debtor was obligated and indented to RBS Citizens, N.A. ("Citizens") as evidenced, *inter alia*, by the following loan documents: (i) that certain Term Note dated June 6, 2005 made by the Borrower payable to the Lender as successor by merger to Citizens Bank, N.A. in the original principal amount of $599,000.00; (ii) that certain Amended and Restated Revolving Line of Credit Note dated June 26, 2009 made by the Borrower payable to the Lender in

the original principal amount of $1,400,000.00; (iii) that certain Equipment Line of Credit Note dated June 20, 2008 made by the Borrower payable to the Lender in the original principal amount of $1,160,000.00; and (vi) that certain Term Note dated June 20, 2008 made by the Borrower payable to the Lender in the original principal amount of $1,612,000.00 (collectively, the "Loans").

4. The current aggregate outstanding principal balance of the Loans is approximately $2,158,000.

5. In connection with the Loans, the Debtor executed, *inter alia*, (i) that certain Loan and Security Agreement dated as of June 6, 2005 by and between the Debtor and the Secured Party as successor by merger to Citizens Bank, N.A., (ii) that certain Security Agreement dated as of June 6, 2005 by and between the Debtor and the Secured Party as successor by merger to Citizens Bank, N.A., and (iii) that certain Continuing General Security Agreement dated June 20, 2008 by and between the Debtor and the Secured Party. Citizens filed UCC-1 financing statements in connection with its security agreements.

6. Pursuant to the foregoing security agreements, Citizens asserts a perfected security interest in substantially all of the Debtor's assets, as further described in the foregoing security agreements (the "Collateral").

**RELIEF REQUESTED**

7. Pursuant to the within motion under 11 U.S.C. §§361 and 363, the Debtor requests that it be permitted to use the cash collateral which is otherwise allegedly security for Citizens' Loans, to provide adequate protection for Citizens' interest in the Collateral, to the same extent and priority as it had pre-petition, to provide Citizens a replacement lien on post-petition cash collateral with the same priority as existed prior to Debtor's bankruptcy filing and, pursuant to Bankruptcy

Rule 4001(b)(2), that preliminary and final hearings be immediately scheduled on its application for use of cash collateral during the pendency of this case.

8. Bankruptcy Code §363 governs the Debtor's use of cash collateral. Section 363(c)(2) provides that a debtor-in-possession may not use cash collateral unless:

  a. each entity that has an interest in such collateral consents; or

  b. the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

9. Debtor has requested Citizens' consent to the use of cash collateral and is hopeful of reaching a consensual resolution with Citizens.

10. In the event that Citizens is not willing to provide such consent, Debtor seeks an Order authorizing the use of cash collateral in accordance with budget (the "Budget") attached hereto as **Exhibit "A"**. Debtor believes that Citizens' interest would be adequately protected because (i) the Budget indicates that no diminution of cash collateral is anticipated, (ii) Debtor is willing to grant Citizens a replacement lien on post-petition cash collateral with the same priority as existed prior to Debtor's bankruptcy filing, and (iii) Debtor believes Citizens is oversecured by virtue of its other Collateral, in addition to cash collateral, to protect against any diminution of cash collateral.

11. While the Bankruptcy Code does not expressly define the nature and extent of the interest in property of which a secured creditor is entitled to adequate protection, it plainly contemplates that a qualifying interest demands such protection only to the extent that the use of the creditor's collateral will result in a decrease in "the value of such entity's interest in such property." *See*, U.S.C. §361. Courts have been quite clear that the purpose of adequate protection is "to safeguard a secured creditor from diminution in the value of its interest during the Chapter 11

reorganizatioin. *In re 495 Cent. Park Aven. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Mosello*, 195 B.R. 277, 288 (Bankr. S.D.N.Y. 1996). In this case, Citizens' interest in cash collateral will be more than adequately protected from any possible diminution in the value of cash collateral.

12. In addition, in order to avoid immediate and irreparable harm to Debtor's estate pending the preliminary hearing, Debtor requests authorization of this Court pursuant to Bankruptcy Rule 4001(b)(2) to use cash collateral in accordance with the Budget pending the preliminary hearing. It is respectfully submitted that, given the nature of the Debtor's business, any interruption in its ability to use its cash to operate would have an immediate and adverse effect on the value of the business as a going concern. Accordingly, the Debtor must have immediate access to and use of its cash to pay its necessary operating expenses while the preliminary and final hearings on the within application are pending.

13. As of the Petition Date, the Debtor's principal assets had an approximate aggregate value in excess of $3,500,000.

## Notice

14. Notice of this Motion has been provided to: the Office of the United States Trustee for the Northern District of New York; Counsel for RBS Citizens, N.A.; the Debtor's twenty (20) largest unsecured creditors; and all parties that have filed a notice of appearance or requested service in this Chapter 11 case. In light of the nature of the relief requested herein and the potential harm to the Debtor's estate if the relief requested herein is not granted, the Debtor respectfully submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests an Order of this Court authorizing Debtor to immediately use cash collateral as set forth in the accompanying Budget, pending the preliminary hearing.

**Dated:** October 25, 2011
Albany, New York

NOLAN & HELLER, LLP
*Attorneys for Debtor*

By: _____
Justin A. Heller, Esq.
39 North Pearl Street, 3rd Floor
Albany, New York 12207
(518) 449-3300

86910-1